UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:15-CR-132 |
| ) | |
| DAEQUON CHARLES DAVIS ) | |

## **MEMORANDUM AND ORDER**

The defendant pled guilty to conspiring to distribute and possess with the intent to distribute cocaine base. He will be sentenced on May 16, 2017. The United States Probation Office disclosed the Presentence Investigation Report ("PSR") on March 23, 2017 [doc. 130].

The defendant has filed one formal objection to the PSR, challenging his designation as a career offender. Additionally, at page three of his April 13, 2017 sentencing memorandum, the defendant raises a second, and untimely, PSR objection [doc. 145].[1] There, he argues that the PSR should apply a downward mitigating role adjustment to his offense level.

For the reasons that follow, both objections will now be overruled.

---

[1] Objections must be filed within 14 days of receipt of the PSR. *See* Fed. R. Crim. P. 32(f)(1). "Objections" include challenges "to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." *See id.*

I.

*Career Offender*

As noted, by his formal objection the defendant challenges his classification as a career offender under United States Sentencing Guideline ("U.S.S.G.") 4B1.1. A controlled substance defendant is deemed a career offender if, in material part, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2016). "The term 'two prior felony convictions' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). . . ." *Id.* § 4B1.2(c). "Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." *Id.* § 4A1.2(a)(2).

In this case, the defendant is designated a career offender based on two state court convictions for the sale of cocaine.[2] Both sentences were imposed on March 8, 2005. The defendant does not contest that each case is a felony conviction for a controlled substance offense, nor does he challenge the offense dates set forth in the PSR. Instead, the defendant argues that the convictions cannot be counted separately under §§ 4A1.1

---

[2] The first conviction is found at Paragraph 49 of the PSR (Washington County Criminal Court docket number 30021). The second is found at Paragraph 50 (Washington County Criminal Court docket number 31003).

and 4A1.2(a)(2) because the underlying offenses were not separated by an intervening arrest.

The defendant is not correct. According to state court records appended to the PSR Addendum [doc. 151], the defendant was arrested on March 19, 2004, for the offenses constituting Washington County docket number 30021. Subsequent to that arrest, the defendant again sold cocaine on November 19, 2004. For that crime, he was convicted in Washington County docket number 31003.

Again, guideline 4A1.2(a)(2) requires, in pertinent part, the following sequence of events: (1) defendant commits his first career offender predicate; (2) defendant is arrested *for that offense*; and (3) defendant commits his second career offender predicate *after having been arrested for the first*. That is exactly what happened here.

The conduct underlying case 30021 took place in January and February of 2004. The defendant was arrested for those crimes on April 19, 2004, *prior to* engaging in the November 19, 2004 conduct which led to his conviction in case 31003. His PSR therefore correctly classifies him as a career offender, and his objection on that issue will be overruled.

## II.

### *Mitigating Role*

Next, by his untimely second objection, the defendant argues that his offense level should be decreased pursuant to the mitigating role guideline, § 3B1.2. This objection is both moot and without merit.

As a career offender, the defendant's advisory guideline range is determined using the career offender sentencing table, *see* U.S.S.G. § 4B1.1(b)(1), which in this case sets a base offense level of 37. A 3B1.2 adjustment would not impact the career offender offense level in this case. *See* U.S.S.G. §§ 4B1.1(b), 1B1.1(a)(6) (2016). Instead, 3B1.2 is only relevant to the alternate calculation of the defendant's offense level under guideline 2D1.1, which in this case generates a base offense level of 34 without a mitigating role adjustment, or a base offense level of between 30 and 32 if such an adjustment were applied. Either way, the court must use the career offender base offense level of 37 in this case because it is the higher number. *See* U.S.S.G. § 4B1.1(b).

For that reason, even if the defendant's 3B1.2 objection were successful, his advisory guideline range would remain the same because it is based on career offender status rather than on guideline 2D1.1. The objection will therefore be overruled as moot. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing). Further, a mitigating role reduction would not be warranted in any event due to conduct admitted to by the defendant in his plea agreement [PSR ¶¶ 11-25].

III.

*Conclusion*

For the reasons provided herein, the defendant's formal objection to his PSR, pertaining to career offender status, is **OVERRULED**. The untimely second objection raised in the defendant's sentencing memorandum, pertaining to mitigating role, is also **OVERRULED**. Sentencing remains set for May 16, 2017, at 1:15 p.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge